FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 18, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TONYA R. E., | NO: 1:24-CV-3115-RMP |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR CALCULATION OF BENEFITS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT, without oral argument, are briefs from Plaintiff

Tonya R. E.[1], ECF No. 8, and Defendant the Commissioner of Social Security (the

"Commissioner"), ECF No. 10.  Plaintiff seeks judicial review, pursuant to 42

U.S.C. § 405(g), of the Commissioner's denial of her claims for Social Security

Income ("SSI") under Title XVI, and Disability Insurance Benefits ("DIB") under

Title II, of the Social Security Act (the "Act").  *See* ECF No. 8 at 1.

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first
name and middle and last initials.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
CALCULATION OF BENEFITS ~ 1

Having considered the parties' briefs including Plaintiff's reply, ECF No. 12, the administrative record, and the applicable law, the Court is fully informed.  For the reasons set forth below, the Court grants judgment for Plaintiff and remands the matter for an award of benefits.

## BACKGROUND

### *General Context*

Plaintiff applied for SSI and DIB on approximately August 26, 2019, alleging onset on June 15, 2019.  Administrative Record ("AR")[2] 228–35.  Plaintiff was 44 years old on the alleged disability onset date and asserted that she was unable to work due to blindness in her right eye.  AR 252.  Plaintiff's claims proceeded to a telephonic hearing before Administrative Law Judge ("ALJ") Keith Kearney in March 2021.  AR 43.  ALJ Kearney issued an adverse decision, which was reversed and remanded by this Court.  AR 12, 609–14.  ALJ Kearney held another hearing, telephonically, on April 11, 2024.   AR 580–606.  Plaintiff was present and represented by attorney Robert Tree.  AR 583.  The ALJ heard testimony from Plaintiff and from vocational expert ("VE") Rhonda Michelle Blackstock.  AR 580–606.  ALJ Kearney issued an unfavorable decision on May 28, 2024.  AR 572.

### *ALJ's Decision*

Applying the five-step evaluation process, ALJ Kearney found:

---

[2] The Administrative Record is filed at ECF No. 7.

**Step one:** Plaintiff meets the insured status requirements of the Act through December 31, 2024.  AR 559.  Plaintiff has not engaged in substantial gainful activity ("SGA") since June 15, 2019, the alleged onset date.  AR 559 (citing 20 C.F.R. §§ 404.1571 *et seq.*, 416.971 *et seq.*).

**Step two:** Plaintiff has the following severe impairments: blindness in her right eye, right side weakness secondary to late effects of traumatic brain injury, degenerative disc disease (lumbar spine), depression, and anxiety.  AR 559 (citing 20 C.F.R. § 404.1520(c) and 416.920 (c)).  The ALJ found that all other impairments in the record are non-severe because they have not, individually or in combination with other impairments, caused more than minimal work-related difficulties for a continuous period of at least twelve months.  AR 559.

**Step three:** Plaintiff does not have an impairment, or combination of impairments, that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).  AR 559.  The ALJ memorialized that he considered listings 1.15 (musculoskeletal disorders), 2.02 (loss of central visual acuity), 2.03 (contraction of the visual fields in the better eye), 2.04 (loss of visual efficiency), and 11.18 (traumatic brain injury) and found that the evidence in the record does not establish that Plaintiff's impairments would cause her to meet or medically equal any of those listings.  AR 560–61.  The ALJ further considered the severity of Plaintiff's mental impairments, singly and in combination,

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR CALCULATION OF BENEFITS ~ 3

under listings 12.04 and 12.06.  AR 561.  The ALJ found that Plaintiff is moderately limited in understanding, remembering, or applying information and in concentrating, persisting, or maintaining pace.  AR 561.  The ALJ further found that Plaintiff has a mild limitation in her ability to: interact with others; adapt or manage oneself; and regulate emotions, control behavior, and maintain well-being.  AR 561–62.  Finding that Plaintiff's impairments do not cause at least two "marked" functional limitations or one "extreme" limitation, the ALJ found that the "paragraph B" criteria were not satisfied.  AR 562.  In addition, the ALJ found that the evidence in Plaintiff's record fails to establish the "paragraph C" criteria, which requires a claimant to have minimal capacity to adapt to changes in their environment or demands not already a part of their daily life.  AR 562.  The ALJ found that Plaintiff "handles daily activities, including personal care and managing her course of treatment with changes as needed."  AR 562 (citing AR 258–65, 382–89, 390–97, 466–86, 488–93, 836–77, 886–1047).

**Residual Functional Capacity ("RFC"):** The ALJ concluded that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except:

> she can frequently use ramps and stairs, but she can occasionally use ladders, ropes, or scaffolds, she can occasionally stoop and frequently crawl, she can frequently handle and finger with the right upper extremity, she would need to avoid concentrated exposure to extreme cold and vibration, she is restricted from hazards such as heights or machinery but is able to avoid ordinary hazards in the workplace, such as boxes on the floor, doors ajar, or approaching people or vehicles, she

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR CALCULATION OF BENEFITS ~ 4

has occasional near acuity and far acuity with the right eye, she has no depth perception, she is limited to simple tasks, and she is limited to routine and repetitive tasks.

AR 562.

In formulating Plaintiff's RFC, the ALJ found that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[, . . .] the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 563.

**Step four:** The ALJ found that Plaintiff is unable to perform any past relevant work as a nurse assistant. AR 569 (citing 20 C.F.R. §§ 404.1565 and 416.965).

**Step five:** The ALJ found that Plaintiff has a high school education and was 44 years old, which is defined as a younger individual (age 18-49), on the alleged disability onset date. AR 570 (citing 20 C.F.R. §§ 404.1564 and 416.964). The ALJ found that given Plaintiff's age, education, work experience, and RFC, there are jobs that exist in the national economy that Plaintiff can perform. AR 570–71. The ALJ recounted that the VE testified that an individual with Plaintiff's RFC would be able to perform the requirements of representative occupations such as: cleaner, housekeeping (light, unskilled work with approximately 132,000 jobs nationwide), and photocopy machine operator (light, unskilled work with approximately 37,000 jobs nationwide). AR 571.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR CALCULATION OF BENEFITS ~ 5

1   The ALJ concluded that Plaintiff has not been under a disability, as defined in

2   the Act, from June 15, 2019, through the date of the ALJ's decision.  AR 571 (citing

3   (20 CFR 404.1520(g) and 416.920(g)).

4   Through counsel, Plaintiff sought review of the ALJ's decision in this Court.

5   ECF No. 1.

6   **LEGAL STANDARD**

7   ***Standard of Review***

8   Congress has provided a limited scope of judicial review of the

9   Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the

10  Commissioner's denial of benefits only if the ALJ's determination was based on

11  legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d

12  993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's]

13  determination that a claimant is not disabled will be upheld if the findings of fact are

14  supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

15  1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere

16  scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112,

17  1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir.

18  1989).  Substantial evidence "means such evidence as a reasonable mind might

19  accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

20  401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the

21  [Commissioner] may reasonably draw from the evidence" also will be upheld.  *Mark*

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
CALCULATION OF BENEFITS ~ 6

*v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the entire record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last, for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). Thus, the

definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### Sequential Evaluation Process

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R §§ 404.1520, 416.920. Step one determines if they are engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR CALCULATION OF BENEFITS ~ 8

prevents the claimant from performing work that they have performed in the past.  If the claimant can perform their previous work, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering their RFC, age, education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation.  *Meanel*, 172 F.3d at 1113.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" that the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

Plaintiff raises the following issues regarding the ALJ's decision:

1.    Did the ALJ err in his assessment of Plaintiff's subjective testimony?

2.      Did the ALJ err in his treatment of medical source opinions?

***Plaintiff's Subjective Statements***

Plaintiff argues that the ALJ did not provide specific, clear, and convincing reasons to discount her testimony.  ECF No. 12 at 2 (citing *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)).  Plaintiff's primary argument is that the ALJ did not give a reason to discount Plaintiff's claim regarding the "severity or frequency of her headaches as a result of her eye strain."  *Id.*; *see also* ECF No. 8 at 4–5 (citing AR 489–90, 563, 566).  Plaintiff argues that because Plaintiff's headaches resulting from her right eye strain "cause time off-task and absenteeism outside of the parameters" to which the vocational examiner testified, "the proper result is to find for disability."  ECF No. 8 at 5.

Plaintiff continues that the ALJ further reversibly erred by finding that Plaintiff's testing showed only "mild findings."  ECF No. 8 at 5 (citing AR 567).  Plaintiff disputes that, not only is an ALJ prohibited from rejecting testimony solely because it cannot be fully supported by objective evidence, Plaintiff's medical record "reveals significant evidence of impairment."  *Id.*  Plaintiff cites to records confirming that her right eye is blind and wanders, resulting in pain when her eye looks to the side.  *Id.* at 5–6 (citing AR 314, 317, 318, 319, 329, 333, 384–85, 490, 497, and 858).  Plaintiff identifies other examination findings in the record that led a physician to conclude that Plaintiff has complete right-eye blindness with residual socket pain, mild right hemiparesis and both right-sided and mild atrophy with

comparative clumsiness of the right hand. *Id.* at 6 (citing AR 384–86). Plaintiff next identifies remarkable mental findings in the record, including that Plaintiff presented to the psychological examiner as "disoriented to the date, was only able to complete 4 digit-span task in the forward direction but not backwards, was unable, to spell 'world' forward or backwards, showed low average to borderline intellectual functioning, did not correctly follow a 3-step task, and would yell in a crowded theater scenario. *Id.* at 7 (citing AR 392–94). Plaintiff cites findings from other sources that Plaintiff presented depressed, anxious, dysphoric, nervous, hopeless, helpless, lonely, agitated, and with racing thoughts. *Id.* (citing AR 399, 405, 427, 432, 434, 440, 443, 445, 478, 480–81, 901, 950, 981, 1034, 1011, and 1034).

Lastly, Plaintiff argues that the ALJ's finding that Plaintiff's symptoms are controlled with routine outpatient visits and medication is not supported by substantial evidence, as "there is no cited evidence her blind right eye's wandering was—or could be—controlled and so prevent her headaches." *Id.* at 7 (citing AR 567).

The Commissioner responds that the ALJ rationally found that Plaintiff's symptom complaints were inconsistent with her longitudinal record. ECF No. 10 at 3 (citing AR 562–68). The Commissioner submits that Plaintiff rated her eye pain as ranging from 3/10 to 8/10, but she also reported that Ibuprofen relieved her pain. *Id.* at 4 (citing AR 383; *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR CALCULATION OF BENEFITS ~ 11

1   with medication are not disabling for the purpose of determining eligibility for

2   [disability] benefits.")).  Without citation, the Commissioner asserts that Plaintiff

3   could tend to her activities of daily living.  *Id.*  The Commissioner further reviewed

4   the medical records that indicate that Plaintiff's physical findings were largely

5   unremarkable, and Plaintiff presented as healthy-appearing and in no acute distress.

6   *Id.* at 4–5 (citing AR 364, 384–85, 449, 454, 458, 460, 490, 518, 522, 530, 541, and

7   547).

8          The Commissioner also asserts that the record does not support the severity of

9   Plaintiff's mental complaints.  ECF No. 10 at 6–10.  The Commissioner contends

10   that Plaintiff presented unremarkably, and, apart from "mixed" memory testing

11   results, the consultative psychological examiner found Plaintiff mostly to be within

12   normal limits in her mental status examination.  *Id.* at 6–7 (citing AR 391–92).  The

13   Commissioner further cites the records that support the ALJ's finding that Plaintiff

14   responded positively to mental health medications.  *Id.* at 7–8 (citing AR 449, 451,

15   458, 490, 566, 828, 842, 855, 858, 863, 870, 892, 914, 917, 931, 938, 944, 947, 953,

16   958, 966, 967, 968, 978, 991, 1000, 1006–07, 1028, 1030, and 1039).

17          With respect to Plaintiff's argument that the ALJ did not adequately account

18   for her headaches, the Commissioner asserts that the ALJ considered Plaintiff's

19   headaches and found them to be non-severe.  ECF No. 10 at 9 (citing AR 559, 561,

20   563, 566, and 596).  The Commissioner asserts that Plaintiff did not make a showing

21

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
CALCULATION OF BENEFITS ~ 12

at step two that her headaches significantly limit her ability to perform basic work activities. *Id.*

In deciding whether to accept a claimant's subjective pain or symptom testimony, an ALJ must perform a two-step analysis. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must evaluate "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). The claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen*, 80 F.3d at 1282. Second, if the first test is met and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1281. Thus, "the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged." *Id.* at 1282.

Plaintiff alleged disability due to the following physical and mental health conditions, as summarized in the ALJ's decision:

> The claimant alleged disability due to blindness in the right eye and stopped working on June 15, 2019, due to her condition. She completed a vision questionnaire and indicated she cannot see at all out of her right

eye so has a blind spot on the right side and vision is not corrected with glasses. The claimant also alleged ongoing and worsening depression (Ex. 7E/2). In addition, the claimant reported that when there is too much going on, her blind eye moves and gives her a headache, some days it hurts around her right eye when she wakes up and causes a headache, and her ability to sleep is affected. She reported she does not cook or go with her daughter to activities if she does not feel well, has a distance problem with parking her car, does not do chores if she has a headache, and has a fear that she will have to deal with headaches for the rest of her life. She also reported she does not participate in social activities if her eye starts to hurt and can be in a crowd of people or store no more than one hour before her head starts to hurt. The claimant testified that her right eye visual impairment is the primary reason she cannot work and experiences headaches and blurry vision that also affect the left eye.

AR 563 (citing AR 252, 258–65, 273, 278, and 580–606).

The ALJ found that "although the medical evidence documented the existence of impairments that could reasonably be expected to produce a certain degree of symptoms, the essential question is not whether such symptoms exist, but whether those symptoms occur with such frequency, duration, or severity as to reduce the claimant's residual functional capacity or to preclude all work activity on a continuing and regular basis." AR 564. The ALJ continued: "The undersigned finds that restricting the claimant to performing the range of work described above adequately addresses the location, duration, frequency, and intensity of the claimant's alleged symptoms as well as precipitating and aggravating factors. The claimant's testimony and allegations are not entirely consistent with the record as a whole." AR 564.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR CALCULATION OF BENEFITS ~ 14

After reviewing what the ALJ found in the record as the medical evidence of Plaintiff's impairments, the ALJ found that Plaintiff's functional limitations were adequately accounted for by the RFC. AR 567. The ALJ reasoned that Plaintiff's testing showed either mild findings or that "significant changes and symptoms were controlled with routine outpatient visits and a medication regimen." AR 567. The ALJ observed that Plaintiff "maintained intact system functioning as demonstrated during testing and examinations that showed intact vision in the left eye treated with prescription corrective lenses as well as examinations that showed regular heart rate and rhythm, clear lungs, full strength, range of motion, and sensation throughout, except 4+/5 strength and decreased sensation on the right, and normal reflexes, coordination, gait, and station, with no medically necessary assistive device for ambulation." AR 567. The ALJ did not address Plaintiff's right eye blindness and related headaches in his reasoning. With respect to Plaintiff's mental symptoms, the ALJ inferred from the record that Plaintiff "showed the ability to interact with cooperative behavior, full orientation, intact memory, cognition, attention, and concentration, and provide information, answer questions, and understand and follow instructions and treatment plans." AR 567.

The ALJ found that blindness in the right eye is a severe impairment at step two and, in formulating Plaintiff's RFC, noted that Plaintiff reported that she sometimes develops a headache when her blind right eye wanders. AR 559, 563 (citing AR 258). The ALJ noted that Plaintiff reported that she limits her social

activities, time in groups of people, and activities when she is experiencing a

headache.  AR 563.  Nonetheless, the ALJ did not provide reasoning to discount

Plaintiff's reported headaches and their effect on her ability to function.  *See* AR

566.  The RFC does not account for headaches that result from Plaintiff's right eye

blindness.  *See* AR 562.

An ALJ must address all symptoms and sequelae[3] of an impairment on a

claimant's RFC.  20 C.F.R. §§ 404.1529, 416.929.  In addition, if at step two the

ALJ finds a medically severe impairment or combination of impairments, the ALJ

must consider the combined effect of all of the claimant's impairments in the

subsequent steps of the disability determination process.  42 U.S.C. § 423(d)(2)(B);

20 C.F.R. §§ 404.1523(c), 416.929.

Here, the Commissioner does not dispute that the ALJ did not provide

reasoning for discounting the severity or frequency of Plaintiff's headaches in

formulating her RFC.  *See* ECF No. 10 at 9 (arguing that the ALJ did not err in

omitting headaches as a severe impairment at step two).  Yet, as the ALJ

acknowledged, Plaintiff testified that the headaches resulting from her blind right

eye wandering affect her ability to sleep and participate in daily activities.  AR 563.

Among Plaintiff's unaddressed complaints regarding her right-eye-blindness-related

---

[3] A sequela is a condition that follows from a disease or illness.  *See* "Sequela," *Cambridge Dictionary*, https://dictionary.cambridge.org/dictionary/english/sequela (last visited February 12, 2025).

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR CALCULATION OF BENEFITS ~ 16

headaches was Plaintiff's claim that she must rest after washing dishes for approximately twenty minutes or risk a four-hour-long migraine. AR 590. Plaintiff further testified that she was experiencing headaches approximately twice per week and that she was unable to maintain her previous employment as a certified nursing assistant due to the headaches. AR 592. As the ALJ did not discuss these headaches beyond acknowledging Plaintiff's allegation that she experiences them, the ALJ did not give any basis to discount the severity or frequency of these symptoms. *Smolen*, 80 F.3d at 1282 (requiring the ALJ to provide specific, clear, and convincing reasons for discounting claimant's testimony). Accordingly, the ALJ's treatment of the symptoms of Plaintiff's right-eye blindness is not supported by substantial evidence and is harmful error given that Plaintiff alleged that the pain from the headaches interferes with her ability to work.

The Court does not reach the remaining issues because the Court already has found harmful error in the form of an inadequate basis for rejecting Plaintiff's testimony regarding her headaches caused by her right-eye blindness.

### *Remedy*

Having found remand required, the Court addresses whether that remand shall be for further proceedings or for an immediate reward of benefits.

Plaintiff submits that her testimony regarding headaches from her right eye blindness should be credited as a matter of law and the matter remanded for an award of benefits. ECF No. 8 at 5. The Commissioner counters that the appropriate

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR CALCULATION OF BENEFITS ~ 17

1  remedy is remand for further administrative proceedings.  ECF No. 10 at 20.  The

2  Commissioner characterizes the record as "at best equivocal regarding disability"

3  because it contains "[f]our properly credited medical opinions determined [that]

4  Plaintiff could perform light work with additional limitations, and Plaintiff's medical

5  record and activity level—which includes robust activities such as caring for her

6  daughter, playing soccer, gardening, and driving a car[.]"  *Id.* at 21.

7      The Ninth Circuit Court of Appeals has held that "[a] district court may

8  reverse the decision of the Commissioner of Social Security, with or without

9  remanding the cause for a rehearing, but the proper course, except in rare

10  circumstances, is to remand to the agency for additional investigation or

11  explanation."  *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (quotations

12  omitted). A court should remand for an immediate award of benefits only where:

13      (1) The ALJ has failed to provide legally sufficient reasons for rejecting
       . . . evidence [probative of disability], (2) there are no outstanding issues
14      that must be resolved before a determination of disability can be made,
       and (3) it is clear from the record that the ALJ would be required to find
15      the claimant disabled were such evidence credited.

16  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (internal quotation

17  omitted).  By contrast, remand is appropriate when additional administrative

18  proceedings could remedy defects.  *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.

19  1989). Even if these requirements are met, the court retains "flexibility" to "remand

20  for further proceedings when the record as a whole creates serious doubt as to

21

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
CALCULATION OF BENEFITS ~ 18

1    whether the claimant is, in fact, disabled within the meaning of the Social Security

2    Act." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

3        If fully credited, Plaintiff's subjective testimony would be disabling, as

4    needing to rest after twenty minutes of an activity such as dishwashing or risk four

5    hours of pain would preclude competitive employment. *See* AR 602–03 (VE

6    Blackstock's testimony that an individual who requires frequent breaks throughout

7    the day resulting in being off task twenty percent or more during the day would not

8    be able to sustain competitive employment). The Commissioner does not identify

9    evidence inconsistent with Plaintiff's complaints about her headaches. Plaintiff's

10   claim has been pending since August 2019, has been heard by an ALJ twice, and

11   already was remanded by the District Court for further proceedings. Given this

12   lengthy history and extensive opportunity to develop the record and address

13   Plaintiff's symptom testimony, and given that the Commissioner has not identified

14   any purpose to remanding the matter for a third formulation of Plaintiff's RFC, the

15   Court favors remand for calculation of benefits as the proper approach. *See Benecke*

16   *v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

## CONCLUSION

18       Having reviewed the record and the ALJ's findings, this Court concludes that

19   the ALJ erred in the formulation of the RFC by neglecting to address Plaintiff's

20   disabling symptom complaints. Accordingly, **IT IS HEREBY ORDERED** that:

21   1. Plaintiff's Opening Brief, **ECF No. 8**, is **GRANTED**.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
CALCULATION OF BENEFITS ~ 19

2. Defendant the Commissioner's Brief, **ECF No. 10**, is **DENIED**.

3. The decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for calculation of an appropriate award of benefits.

4. Judgment shall be entered for Plaintiff.

5. The District Court Clerk shall amend the docket in this matter to substitute Michelle King as the Acting Commissioner of the Social Security Administration.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

**DATED** February 17, 2025.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
Senior United States District Judge